UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARISSE S. MOORE,<br><br>                              Plaintiff,<br><br>         -against-<br><br>FOX NEWS, *et al.*,<br><br>                              Defendants. | 24-CV-5470 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, United States District Judge:

Plaintiff Charisse S. Moore, proceeding *pro se*, brings this action against Defendants Fox News and Ryanne Duffie Saucier, invoking the Court's federal question jurisdiction. By order dated August 12, 2024, Chief Judge Laura Taylor Swain granted Moore's request to proceed *in forma pauperis*, that is, without prepayment of fees. On September 20, 2024, the Court accepted assignment of this action as related to *Moore v. Stripe*, No. 24-CV-2799 (JPO). For the reasons that follow, the complaint is dismissed.

**I.      Background**

The following facts are drawn from Plaintiff's Complaint (ECF No. 1 ("Compl.")), and documents integral to it, *see Sira v. Morton*, 380 F.3d 57, 67 (2d Cir.2004), and are presumed true for purposes of this opinion. All reasonable inferences are drawn in Plaintiff's favor. *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).

Moore alleges that Defendants are responsible for, *inter alia*, "federal hate crimes," "interstate stalking," and "human trafficking." (Compl. at 2 (capitalization omitted).) In the fact section of the complaint, Moore writes, "[p]lease see attached" (*id.* at 5), referring to 69 pages of documents, some of which she appears to have prepared herself. In the interest of judicial

economy, the Court will not endeavor to faithfully reproduce every allegation contained in those documents in this opinion, but rather offers a representative sample.

The core of Moore's complaint concerns the deterioration of her friendship of "10+ years" with Ms. Saucier and her family (*id.* at 30), apparently beginning when Saucier pressured Moore to visit her home for Thanksgiving in 2020 (*see, e.g.*, *id.* at 22). Following that request, Moore claims that Saucier behaved toward her in a manner she found unsettling. For example, sometime in 2021, Saucier allegedly "asked [Moore] if she could look at [Moore's] financials"—a request that left Moore "stunned and intrigued." (*Id.* at 23.) Moore alleges that Saucier made uncomfortable comments "on Judaism" including "stating 'get her, she is Jewish!' out of nowhere." (*Id.* at 24 (emphasis omitted).) Later, she claims that Saucier "sent [her] text messages when [she] moved to Smyrna, Georgia, that if [she] ever needed anything to please feel free to reach out." (*Id*. at 54.) In August 2021, Moore spoke with Saucier about Saucier's "joining the Fox News team and how Fox News has changed." (*Id*. at 55.) In November 2021, Moore "[s]pent the night at . . . [the] Saucier[s'] house at Ryanne's insistence." (*Id*. at 55.)

Over time, Ms. Moore alleges, the relationship deteriorated further. Moore "strongly believe[s] that," on February 9, 2022, "[Saucier] recorded [her] therapy session." (*Id.* at 30.) On February 17, 2022, Saucier allegedly "contacted the Cobb County Police Department to perform a 'wellness check' on [her], due to the fact that [she] did not return [her] phone calls, voicemails and/or emails." (*Id*. at 31.) Moore then "blocked . . . Saucier's phone number[] and email address[], as of January/February 2022," and left town to "visit [her] cousin . . . in Charlotte, North Carolina." (*Id*.)

After moving to North Carolina, Ms. Moore alleges that "there were HIDDEN CAMERAS installed in [her] apartment" (*id.* at 38 (capitalization in original)), that Saucier hired

a "Mickey Mouse impersonator" (*id.* at 56), that unidentified men "watched [her] take a shower" (*id.* at 57), that a "white woman with blonde hair and a little Poodle stared at me in the elevator and did not say a word" (*id.*), and that she was "[d]oxxed while paying for Dolce & Gabanna [*sic*]" because "[t]he cashier asked for [her] phone number and screamed [it] across the entire store" (*id.* at 58).

Based on these and other events, Moore alleges that she is "the victim of a multi-year stalking scheme." (*Id.* at 10.)  She alleges that this stalking scheme is, in part, being perpetrated by the "British Monarchy" and lists among her "[p]otential [s]talkers" the Saucier family, various members of Moore's own family, and the Canadian pop musician Claire Elise (also known as "Grimes"). (*Id.* at 67.)  In September 2023, she alleges, while at the Disney Yacht Club Resort in Orlando, "[t]he British Monarchy and British Monarchy alliance stalkers had [her] curtsy in the shower for six (6) hours with the brain hijacking Unauthorized Non-Consented experiment . . . and said that [there] would be whippings for not curtsying correctly." (*Id.* at 72.)

Moore's complaint also contains several profanity-laced comments about Defendants. For example, she states: "Sitting with my legs crossed deploys Dan Saucier[1] to spit in my vagina, because it does not align with British Monarchy unknown rules and regulations—that I am not a part of!" (*id.* at 68), and accuses the members of the Saucier family of being "obsessed with Charisse S. Moore's vagina" (*id.*).

## II. Legal Standard

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

[1] Presumably Dan Saucier is Ryanne Saucier's husband. (*See, e.g.*, Compl. at 23 (referring to Ryanne and Dan Saucier's child); *id.* at 55 (stating that the couple lives together).)

3

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits: to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("An action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (quotation marks and citation omitted).

### III.   Discussion

Even construing Moore's pleadings with the "special solicitude" due to *pro se* parties, *Triestman*, 470 F.3d at 475, the Court concludes that the allegations do not plausibly allege an actionable violation of her rights.  The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual

frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or "wholly incredible," "whether or not there are judicially noticeable facts available to contradict them." *Id*. at 32-33; *see also Livingston*, 141 F.3d at 437. "Plaintiff's beliefs—however strongly [s]he may hold them—are not facts." *Morren v. N.Y. Univ.*, No. 20-CV-10802, 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that, because Plaintiff does not provide any plausible factual support for her claims of stalking, they rise to the level of the irrational and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, Moore's allegations are "vague" and "incomprehensible," and the Court cannot discern any claims that are not "frivolous on their face." *Cf. Salahuddin*, 861 F.2d at 43. Because the defects in Moore's complaint cannot be cured, the Court declines to grant her leave to amend. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

### IV.  Warning

Plaintiff has filed multiple suits with claims similar to those brought in this action, some of which also name the same defendants. *See, e.g., Moore v. Stripe*, No. 24-CV-2799 (S.D.N.Y. Apr. 11, 2024) (suing Stripe, Inc. based in part on the same underlying stalking allegations);

*Moore v. KPMG*, No. 24-CV-5471 (S.D.N.Y. July 15, 2024) (claims of interstate stalking); *Moore v. Scenic Prods.*, No. 24-CV-5413 (S.D.N.Y. July 11, 2024) (same); *Moore v. Georgia*, No. 24-CV-5545 (S.D.N.Y. July 18, 2024) (same); *Moore v. Vanderbilt Univ.*, No. 24-CV-5533 (S.D.N.Y. July 17, 2024) (same).

Plaintiff is warned that, should she file future actions in this court that are duplicative or frivolous, the Court may enter an order barring her from filing new actions *in forma pauperis* unless she receives permission from the Court to do so. See 28 U.S.C. § 1651.

**V.     Conclusion**

Plaintiff's complaint is hereby dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court warns Plaintiff that, should she file future actions in this court that are frivolous or duplicative, the Court may enter an order barring her from filing new actions *in forma pauperis* unless she receives permission from the Court. See 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment of dismissal in this action and to close this case.

SO ORDERED.

Dated: October 30, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge